UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:19-cv-02223-RGK-SHK | Date: | June 22, 2020 |
| Title: | *Hanna Rhee v. Dev Appannagari Gnanadev* | | |

Present: The Honorable   Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings (IN CHAMBERS):**   ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [ECF NO. 15], GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT [ECF NO. 18], AND DENYING PLAINTIFF'S REQUEST FOR CONSIDERATION [ECF NO. 17]

Before the Court are pro se Plaintiff Hanna Rhee's ("Plaintiff") "Motion for Default Judgment" ("Motion for Default"), Plaintiff's "Request for Consideration," and Defendant Dev Appannagari Gnanadev's ("Defendant") "Motion to Set Aside Entry of Default Pursuant to Fed. R. Civ. P. 55(c)" ("Motion to Set Aside Default"). Electronic Case Filing Number ("ECF No.") 15, Motion for Default; ECF No. 17, Request for Consideration; ECF No. 18, Motion to Set Aside Default. For the reasons set forth below, the Court DENIES Plaintiff's Motion for Default, DENIES Plaintiff's Request for Consideration, and GRANTS Defendant's Motion to Set Aside Default.

## I.   BACKGROUND

On December 6, 2019, Plaintiff filed a civil rights Complaint ("Complaint" or "Compl.") under 42 U.S.C. § 1983 against Defendant in his individual and official capacities. ECF No. 2, Compl. On February 6, 2020, Plaintiff filed a proof of service ("POS") showing that she served her Summons and Complaint on Defendant at Defendant's place of work, in Sacramento, California, on January 9, 2020. ECF No. 9, POS.

On May 26, 2020, the Court ordered Plaintiff to show cause ("OSC"), by June 3, 2020, why the case should not be dismissed for failure to prosecute after Plaintiff failed to move for default judgment or otherwise pursue her case against Defendant. ECF No. 10, OSC. The Court noted that, based on Plaintiff's POS, it appeared that Defendant failed to timely appear in this matter in violation of Federal Rule of Civil Procedure ("Rule") 12(a)(1)(A). Id.

On June 1, 2020, Plaintiff timely responded to the Court's OSC and indicated, in pertinent part, that her ability to prosecute this action was hindered by the COVID-19 crisis, as well as by protesting activity near the courthouses in this District. ECF No. 11, Response to OSC. On June 2, 2020, Plaintiff filed an Application for Entry of Default against Defendant. ECF No. 12, Request for Default. On June 2, 2020, the Clerk of Court entered a default pursuant to Rule 55(a) against Defendant. ECF No. 14, Entry of Default.

On June 3, 2020, Plaintiff filed a Motion for Default Judgment seeking $10,000. ECF No. 15, Motion for Default. On June 3, 2020, Plaintiff also filed a motion requesting that communications made by Defendant's counsel "be filed appropriately" so as to allow Plaintiff the opportunity "to respond justly prior to any action taken by the Court" ("Request for Consideration"). ECF No. 17, Request for Consideration. The same day, Defendant filed a Motion to Set Aside Entry of Default Judgment. ECF No. 18, Motion to Set Aside Default.

On June 5, 2020, Plaintiff filed a duplicate copy of her Summons and her postal service receipt. ECF No. 19, Waiver of Service; ECF No. 3, Summons. On June 15, 2020, Plaintiff filed a response to Defendant's Motion to Set Aside Default ("Opposition"), in which she accused Defendant of lying to the Court and described how service on Defendant was proper. ECF No. 20, Opposition.

## II.   DISCUSSION

**A.   Request For Entry Of Default And Default Judgment**

Rule 55 provides a "two-step process for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." Fed. R. Civ. P. 55(a)-(b). A default judgment entered pursuant to Rule 55 is a "'drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1089, 1091 (9th Cir. 2010) (quoting Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)).

"A defendant's default does not automatically entitle a plaintiff to a court-ordered judgment." Mikuni Ginko, Ltd. v. Feng Chen Buffet, Inc., No. 2:20-cv-00556-RGK-AFM, 2020 WL 2128646, at *2 (C.D. Cal. May 5, 2020) (citing Draper v. Coombs, 792 F.2d 915, 924–25 (9th Cir. 1986)). Rather, the decision to grant or to deny a request for default judgment lies within the Court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). The Court may consider the following factors in exercising discretion as to the entry of a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

In this case, numerous factors weigh against the entry of default judgment. First, Plaintiff failed to act to diligently prosecute this action before the Court issued an OSC instructing her to do so. See ECF No. 10, OSC. Further, Plaintiff does not identify what harm or prejudice she would suffer as a result of denial of a default judgment, other than perhaps a delay in resolution of the case, which is insufficient to establish prejudice. See Beachbody LLC v. Dnetsales LLC, No. CV125987BRO(AJWx), 2013 WL 12128813, at *3 (C.D. Cal. June 21, 2013); see also ECF No. 18, Motion to Set Aside Default; ECF No. 20, Opposition. Accordingly, the Court finds that Plaintiff would be not prejudiced by the denial of default judgment in the case. See Beachbody LLC, No. CV125987BROAJWX, 2013 WL 12128813, at *3.

Additionally, and importantly, Defendant's failure to respond appears to be a result of trying to engage in the necessary process of meeting and conferring prior to filing a motion to quash service of summons and/or dismiss and was not neglectful, much less the result of excusable neglect. Specifically, Defendant's counsel declares that she: (1) wrote an email informing Plaintiff that service of Plaintiff's Summons was defective; (2) offered to accept service on behalf of Defendant; and (3) requested multiple times to discuss the matter with Plaintiff. See ECF No. 18, Motion to Set Aside Default; Kloepping v. Fireman's Fund, No. C 94-2684 TEH, 1996 WL 75314, at *4 (N.D. Cal. Feb. 13, 1996) ("One of the most significant Eitel factors . . . is the possibility that defendant's default resulted from excusable neglect.") (internal quotation marks omitted). According to Defendant's counsel, Plaintiff failed to respond to these requests and communications and instead filed a Request for Entry of Default in violation of the Local Rules, and only after this Court issued an Order to Show Cause as to why the matter was not being prosecuted diligently. ECF No. 18-2, Declaration of Amy Lo ("Lo Decl."); see also L.R. 7-3.

Defendant's counsel states in her declaration that she was not informed of Plaintiff's intention to file an Application for Entry of Default against the Defendant until she checked PACER on the afternoon of June 2, 2020. ECF No. 18-2, Lo Decl. at 3-4. Further, Defendant's counsel states that she contacted Plaintiff, asked Plaintiff to stipulate to vacate the Default, but that Plaintiff did not respond. Id. at 4. The following day, Defendant filed the motion to Set Aside Entry of Default. Id.

Although Defendant does not directly address the merits of Plaintiff's Complaint or raise disputes of material facts, the Motion to Set Aside Default alludes to defenses, including the application of Eleventh Amendment of immunity to Plaintiff's claims. See ECF No. 18, Motion to Set Aside Default; ECF No. 18-2 Lo Decl. at 3.

Moreover, "[w]henever reasonably possible, cases should be decided upon their merits." Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985). Consequently, this factor also weighs in favor of setting aside the entry of default. Finally, even though Plaintiff's request of $10,000 in damages may be proportional to the harm caused by Defendant's conduct, see PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002); see also Memphis Comm. Sch. Dist. v. Stachura, 477 U.S. 299, 306 (1986) ("[W]hen § 1983 plaintiffs seek damages for violations of constitutional rights, the level of damages is ordinarily determined according to principles derived from the common law of torts."), the other Eitel factors counsel against entry of a default judgment at this early stage in the litigation.

Therefore, the Court DENIES Plaintiff's Motion for Default.

**B.    Plaintiff Failed To Properly Serve Defendant Under The Rules**

In addition to the factors above counseling in favor of denying Plaintiff's Motion for Default Judgment and setting aside the entry of default judgment, it also appears that Plaintiff failed to properly serve Defendant under the Federal and Local Rules ("L.R."). Though pleadings are to liberally construed when a pro se litigant is involved, a pro se litigant, is still required to abide by the Federal and Local Rules. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."), overruled in part on other grounds by Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012) (en banc).

Courts lack personal jurisdiction to grant default judgments against defendants who were not properly served. See Dorr v. Alameda Cty. Prob. Dep't, No. C-11-04477 (DMR), 2012 WL 423745, at *2 (N.D. Cal. Feb. 8, 2012) ("A court may set aside an entry of default as void where the defendant demonstrates defects in the service of process.") (citing SEC v. Internet Sols. for Bus., Inc., 509 F.3d 1161, 1165–66 (9th Cir. 2007)). Here, Plaintiff has not yet complied with all of the technical requirements to effectuate proper service.

Rule 4(e) sets out the applicable requirements for service:

Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

   (A) delivering a copy of the summons and of the complaint to the individual personally;

> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Defendant's Motion to Set Aside Default indicates that "a process server delivered a copy of the summons and complaint to the headquarters of [Defendant's place of work,] the MBOC, which is located in Sacramento, California. The [S]ummons and [C]omplaint were given to Kerrie Webb, an attorney who works for the MBOC." ECF No. 18-2, Lo Decl. at 2. Defendant argues that this service was improper because the Complaint states that Defendant's residence and place of business are both in San Bernardino county. Id. at 2-5, 9-10; ECF No. 2, Compl. at 1. In response, Plaintiff filed a copy of the Summons, listing Defendant's address in Redlands, California, and including a postal delivery receipt indicating that a package was sent to an address in Redlands, California. ECF No. 19, Waiver of Service.

Regardless of whether service was effectuated by delivering the Summons and Complaint to Defendant's workplace in Sacramento or by mailing the Summons and Complaint to Defendant's home in Redlands, the service failed to comport with California state law. California state law requires a copy of a summons and complaint to be personally served or, barring that possibility with reasonable diligence, the summons and complaint must be served:

> by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address . . . in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address . . . , at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Code. Civ. Proc. § 415.20. There is no indication that a copy of Plaintiff's Summons and Complaint was left with a person in Defendant's household or usual place of business, both of which appear to be located in San Bernardino county according to Plaintiff's Complaint. ECF No. 2, Compl. at 1.

Plaintiff also failed to comply with the technical requirements of Rule 4(e)(2). Defendant was never personally served with a copy of Plaintiff's summons and complaint. The only person who was personally served with these documents was Kerrie Webb, who was neither at Defendant's dwelling nor an agent authorized by appointment or by law to receive service of process on behalf of the Defendant.

Finally, it appears that Plaintiff failed to comply with L.R. 7-3, which states:

> In all cases not listed as exempt in L.R. 16-12[1], and except in connection with discovery motions . . . and applications for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion. If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect:
>
> This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date).

L.R. 7-3 (internal quotation marks omitted).

Exhibit A attached to Defendant's Motion to Set Aside Default includes a copy of the emails exchanged between Plaintiff and Defendant's counsel. ECF No. 18-2, Lo Decl. at 6-11. These emails indicate that Defendant's counsel contacted Plaintiff and attempted to meet and confer about the defective service. Id. at 9-10. Plaintiff responded twice, first requesting a week to consider the lawsuit, and later indicating that she had called Defendant's counsel and left a voicemail. Id. Plaintiff then proceeded to file her Motion for Default Judgment without further contacting Defendant or his counsel. Id. at 4-9; ECF No. 15, Motion for Default.

Plaintiff has, therefore, failed to comply with the technical requirements to properly effectuate service under Rule 4(e) and L.R. 7-3. Plaintiff's Motion for Default Judgment is DENIED and Defendant's Motion to Set Aside Default Judgment is GRANTED for this additional reason.

While plaintiffs must serve their summons and complaint within ninety days after the complaint is filed, a court may extend the time for service for an appropriate period when there is good cause for the failure. Fed. R. Civ. P. 4(m). Accordingly, the Court GRANTS Plaintiff a final, additional opportunity to properly serve Defendant. Plaintiff is ORDERED to meet and confer with Defendant in accordance with L.R. 7-3 to ensure proper compliance with the rules of service and to serve Defendant by **July 3, 2020**. Further, Defendant is reminded of his duty under Rule 4(d)(1) "to avoid unnecessary expenses of serving the summons" by agreeing to a waiver of service, particularly because Plaintiff is proceeding pro se. See Borzeka v. Heckler, 739 F.2d 444, 448 n.2 (9th Cir. 1984).

/ / /

---

[1] L.R. 16-12 lists a set of types of actions in which the Court need not issue a scheduling order or hold a Final Pretrial Conference under Fed. R. Civ. P. 16. L.R. 16-12. This case does not fall into any of the listed categories, rendering the exception inapplicable. Id.

### C. Plaintiff's Request For Consideration

Finally, on June 3, 2020, Plaintiff filed a request that all communication made by Defendant's counsel to the Courts in this matter be filed appropriately. ECF No. 17, Request for Consideration. Though somewhat unclear to the Court what precisely Plaintiff seeks with this filing, the Court reminds Plaintiff that both parties must follow federal and local rules in pursuing this litigation before the Court. See Fed. R. Civ. P. 1; L.R. 1-1, 1-3. Accordingly, insofar as Plaintiff is requesting the Court to deviate from federal and local rules, Plaintiff's request is DENIED.

### III. CONCLUSION

Accordingly, for the foregoing reasons, the Court (1) DENIES Plaintiff's Motion for Default, (2) DENIES Plaintiff's Request for Consideration, and (3) GRANTS Defendant's Motion to Set Aside Default. The Court also GRANTS Plaintiff an additional opportunity to properly serve Defendant. Plaintiff is ORDERED to meet and confer with Defendant in accordance with L.R. 7-3 to ensure proper compliance with the rules of service and to serve Defendant by **July 3, 2020**.

**IT IS SO ORDERED.**