1   Hanna Rhee of Black Patients Matter
2204 Corrine St
2   Tampa, FL 33605
3   Black.Patients.Matter@gmail.com
910-707-3660
4
5   Pro Se

6
    IN THE UNITED STATES DISTRICT COURT
7
8   FOR THE CENTRAL DISTRICT OF CALIFORNIA

9   EASTERN DIVISION

10
11
12
13

HANNA RHEE OF BLACK PATIENTS MATTER,    (
14                                                5:19-cv-02223-RGK-SHK
                        Plaintiff,
15                                              (
                                                  REPLY TO DEFENDANT'S MEMO
16              v.                              (  FOR MTD, MTS
                                                  Hearing Date:  N/A
17  DEV APPANNAGARI GNANADEV,                      Hearing Time:  N/A
                                                (  Judge: Hon. Shashi H. Kewalramani
18                      Defendant.                 Courtroom:  N/A
                                                (
19

20
21
22  TO THE HONORABLE COURT AND DEFENDANT:

23  Please accept the following Reply to Defendant's MTD, MTS.

24              REPLY TO DEFENDANT'S INTRODUCTION

25  Pro se Plaintiff Hanna Rhee of Black Patients Matter submits a reply to Defendant's MTD and MTS.

26  The Defendant's Introduction is misleading.  Defendant Gnanadev is a current, active MBOC

27  member appointed by the Governor of California.  At the time of the violation, Defendant was

28  present at the meeting as an official MBOC member and not merely an attendee of a public meeting.

1

Add Page

1    He was there performing the duties in his official capacity as an MBOC member.  Plaintiff

2    was there merely as a volunteer patient advocate.  It was not merely an expression of "different

3    interpretations" by two folks at a meeting but was in fact the misuse of authority by the

4    Defendant while acting under color of state law as a sitting Board member.  Plaintiff shaking

5    Defendant's hand in haste before fleeing is a common cultural practice  which reduces the chances

6    of the other person chasing the person down.

7                    REPLY TO DEFENDANT'S STATEMENT OF ALLEGATIONS

8    MBOC meetings are not a benign gathering of opposing voices.  In fact, the meetings have been

9    becoming increasingly contentious whereupon multiple armed police officers are present to ensure the

10   safety of all attendees.  Again, desribing the Defendant as merely "attending the meeting"

11   (pg 3, line 8) is akin to describing a police officer shooting a peaceful demonstrator in the back as

12   "both attending a gathering downtown."  Of note, there are no statements by the Defendant

13   anywhere in which he denies Plaintiff's facts of the case.  Again, it is unprecedented for a sitting

14   board member to threaten a patient advocate sitting quietly in her seat during a public meeting.

15                    REPLY TO DEFENDANT'S STATEMENT OF RELIEF SOUGHT

16            The Defendant's statement "federal courts ... [possess] those powers authorized by the US

17   Constitution and by statutes" has been met as Defendant, while working under guise of a

18   powerful MBOC Board member ordered her not to exercise her freedom of speech especially

19   when it relates to his ignorance and the chronic healthcare disparity amongst African-American

20   patients.

21            Plaintiff has met all jurisdictional prerequisites to bring this Complaint to this federal court.

22   The Defendanat's attempt to minimize the violations by using descriptive terms of "inferences"

23   and "deductions" when in fact the Defendant outright ordered Plaintiff to shut up and threatened

24   her by warning "or there will be problems."  Defendant has never once denied he ever made such

25   comments.  Therefore, Plaintiff's statement of claim "is plausible on its face."  The case should not

26   be dismissed as the Court has yet to hear from the eyewitness present during the altercation.

27   Surely, it would be unjust to dismiss a case if the testimony of the eyewitness has not yet been

28   heard by the Court.

Add Page

## REPLY TO DEFENDANT'S ARGUMENT

1  Plaintiff has established subject matter jurisdiction.

2  The 11th Amendment does not automatically protect state authorities from liability (Moor v.

3  County of Alameda, 411 US 693 (1973). The main factor is whether the damages would come

4  out of the state treasury (Hess v. Port Authority Trans-Hudson Corp., 115 S. Ct. 394 (1994). If the

5  state would have to pay for damages from the state treasury, then the 11th Amendment will serve

6  as a shield from liability. In fact, states surrendered a portion of their sovereign immunity which

7  had been preserved for them by the Constitution when the 14th Amendment was adopted.

8  In the current case, the Defendant is being sued in his individual capacity as well. In fact,

9  Plaintiff is willing to forego a monetary award in exchange for a simple apology and a promise

10  from the Defendant not to accost patient advocates again. Plaintiff does not wish for anyone else to

11  be treated in this manner again during a MBOC public meeting.

12  
## REPLY TO DEFENDANT'S "CHILL" TEST
13  At the time of the encounter with the Defendant, Plaintiff was engaged in a

14  constitutionally protected activity of speaking at a state-sanctioned public Board meeting. As a

15  result of this, she was subjected to bullying by a powerful wealthy surgeon member of the MBOC

16  who at one time was the President of MBOC. His actions no doubt would "chill" an average person

17  of ordinary firmness such as the Plaintiff from continuing to engage in that protected activity, and

18  there was a substantial causal relationship between the protected activity and the adverse action.

19  To have a wealthy, powerful former President of MBOC such as the Defendant publicly

20  reprimand and silence a patient advocate is, again, unprecedented. There has NEVER

21  been a single documented case of a previous event at MBOC. Of late, the meeting has become quite

22  contentious, so much so police officers have had to be present throughout the meeting.

23  Therefore, the encounter was a very "chilling" experience.

24  The stated action was in retaliation for Plaintiff filing an ongoing federal civil rights

25  lawsuit against Defendant (Rhee v. MBOC et al, 2:18-cv-00105-KJM-DMC). Plaintiff has

26  been an outspoken advocate of minority patient rights and a critic of MBOC, not unlike

27  the Plaintiff in Lozman v. City of Riviera Beach, FL. Defendant did in fact "bad-mouth" and

28  "verbally threaten Plaintiff" when stating "there will be problems" if Plaintiff does not

3

1  stop publicly criticizing Defendant (pg. 11, Line 5) whom she did not even publicly name.

2  REPLY TO DEFENDANT'S QUALIFIED IMMUNITY

3  California's Bagley-Keene Open Meeting Act of 2004 ensures "Public comments [are]

4  protected by the Act [which] includes criticism of the programs, policies and officials of the

5  state body ... The state body shall not prohibit public criticism of the policies, programs, or

6  services of the state body, or of the acts or omissions of the state body ..." (Section 11125(c)).

7  Defendant knowingly acted in direct violation of California state law, so as to use his status as past

8  President of MBOC and current Board member to intimidate members of the public knowing

9  he could get away with it and that there would be no repercussions.  Therefore, he is not entitled

10  to qualified immunity.

11  For the reasons set forth above, Plaintiff respectfully requests this Court to deny

12  Defendant's MTS and MTD.

13

14

15  Respectfully submitted,

16  /s/ Hanna Rhee

17  Hanna Rhee of Black Patients Matter

18  Pro Se Plaintiff

19

20

21

22

23

24

25

26

27

28

Add Page