HANNA RHEE OF BLACK PATIENTS MATTER
1887 Whitney Mesa Dr, Ste. 1919
Henderson, NV 89014
Black.Patients.Matter@gmail.com
910-707-3660
Pro se

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

HANNA RHEE

OF BLACK PATIENTS MATTER,

          Plaintiff,

          v.

DEV APPANNAGARI GNANADEV,

          Defendant.

) Case No. 5:19-cv-02223-RGK(SHK)
)
) RESPONSE TO REPORT AND RECOMMEND
)
) OF US MAGISTRATE JUDGE TO GRANT
)
) DEFENDANT'S MOTION TO DISMISS &
)
) DENY DEFENDANT'S MOTION TO STRIKE
)
)

Your Honor Magistrate Judge Kewalramani,

    Plaintiff respectfully requests the Court to accept the belated Objection to the Report & Recommendations as the deadline March 29th falls upon our Holy Week which forbids arguments whilst the burial of my mother Mary Myong Hi Rhee and beloved sister Norin Montague Rhee both having died of COVID-19 complications.

    As noted on p.2, L15 of the Report, the Medical Board of California ("MBOC") is recalcitrant to mediation and dialogue but would rather spend nonexistent funds on a cash-strapped MBOC budge which runs counter to their new Executive Director's agenda to resolve matters "in a non-adversarial manner".  Clearly, the CA Attorney General office is misusing their authority so as to target people of color.

    The repeated statement of "a single claim... a single incident... this singular event.."

1

(p.2, L22; p.3, L3; p.14, L21) implies "a little Constitutional violation" is "not a big deal... the first one should be free" as if our Constitution allows for "a little slavery... a small act of racism" or "only one death of a knee to the neck of a black man."

The minimalizative descriptive view of the Plaintiff as "claims to be a public advocate for Black Patients Matter" is to marginalize underrepresented minorities instead of correctly describing the Plaintiff as the Co-Director and Co-Founder of Black Patients Matter - Nonprofit, a 501(c)(3) designated organization, the largest African-American patient advocate group in the state of California.

The Defendant's action toward the Plaintiff on November 8, 2019 was his attempt at protecting the public from the Plaintiff's outspoken representation of Black health as dictated by California Business & Professions Code 2001.1 for fear of empowering Black patients. Defendant should have known that his attempt at protecting non-Black patients violated Plaintiff's right to free speech.

States are not necessitated to consent to action in federal court. In Jackson vs. MBOC 9th Circuit Court of Appeals (No. 08-56758), no state consent was obtained.

Statements made by the Defendant were not made in the context of a "speech" as he directed the statements directly to the Plaintiff. When an individual clearly states "Do NOT say that...", he is obviously ordering the recipient not to make certain statements which constitutes violation of free speech. Defendant approached Plaintiff after the meeting finished. Plaintiff was obviously "chilled" by the actions of the Defendant so much so that she not only fled from the room, but she also no longer attends meetings in person for fear of further threats from the Defendant and has filed this federal civil rights lawsuit.

Defendant is not entitled to qualified immunity as he violated California's Bagley-Keene Act and the Brown Act which allows for the public to appear and speak at state-sanctioned public meetings. As an official of MBOC, he was fulfilling his duties in protecting patients by attempting to silence the Plaintiff. He should have known his state-sanctioned action violates federal law pertaining to free speech.

Plaintiff also requests permission to amend her statement of claim more clearly.

States are not entitled to blanket immunity, especially in cases where state agencies have



1   shown repeated federal law violations against the Defendant.  MBOC has an extensive history of
2   bias against physicians of color.  In Jackson v. MBOC, the 9th Circuit Court of Appeals found
3   MBOC partially liable for such violations.  In the ongoing cae of Rhee vs. MBOC et al (2:18-cv-
4   00105-KJM-CMK), the federal judge opined Defendant's violations of federal law is not protected
5   by qualified immunity.
6           In regards to Defendant's MTS, Plaintiff identifies herself as HANNA RHEE OF BLACK
7   PATIENTS MATTER.  Defendant's argument against her identify is yet another attempt by
8   Defendant to nullify her advocation of Black lives.  Plaintiff is not the legal representative of
9   Black Patients Matter but merely stating her identity.  MTS was requested by Defendant
10  who views Black patient advocates as offensive.
11          I declare under penalty of jury that the forgoing is true and correct and that this declaration
12  was made on April 5, 2021 in Hillsborough County, FL.
13
14
15
16  Dated:  April 5, 2021        _____
17                              HANNA RHEE OF BLACK PATIENTS MATTER
18
19
20
21
22
23
24
25
26
27
28

